UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TINIKA FRANKLIN,

        Plaintiff,

                                    Case No. 24-cv-0766-bhl

v.

WALMART SERVICE DEPARTMENT MECHANIC,

        Defendant.

## SCREENING ORDER

On June 20, 2024, Plaintiff Tinika Franklin, proceeding *pro se*, filed a complaint against the Walmart Auto Service Department and one or more unnamed mechanics. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Franklin reports that she is unmarried and unemployed, with $1,200 in monthly Social Security income. Against this she lists monthly expenses totaling $1,119, including $375 in support to her fifteen-year-old granddaughter, $300 for rent, and $444 for other household expenses. Franklin reports as her only asset a 2015 Dodge Journey but does not provide an estimate of its value. Given her reliance on Social Security as her sole source of income, her lack of liquid assets, and her monthly expense obligations, which approach her total income, the Court concludes that Franklin is sufficiently indigent for a fee waiver.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim

showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

On May 18, 2024, Franklin visited a Walmart in Germantown, Wisconsin to have the front left tire of her Dodge Journey changed after a screw got stuck in the tire. (ECF No. 1 at 4.) Walmart employees began servicing her vehicle, but then told Franklin that they couldn't remove a lug nut and instructed her to take the vehicle to Fleet Farm to have them loosen the lug nut so Walmart could complete the tire change. (*Id.*) Franklin did as instructed and then took her car back to Walmart. After several hours, Franklin was informed that Walmart had broken her lug nut and could not fix or replace it. (*Id.* at 6.) Franklin was repeatedly assured by Walmart staff that it was safe for her to drive the vehicle with a lug nut missing, so she drove home. (*Id.*) She then lent the vehicle to her daughter on May 20, 2024, only for the same tire to come entirely off the vehicle while Franklin's daughter was driving her granddaughter to school. (*Id.*) Franklin was forced to call for a tow truck and when it arrived the driver informed her that all the lug nuts were missing from her tire. (*Id.* at 5.) Walmart's alleged mishandling of her tire change caused additional damage to Franklin's car, for which she received an estimate of $2,774 to repair.

Franklin does not state what relief she requests or under what legal theory.  She cites *Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500 (1957), a Supreme Court case analyzing the negligence standard under the Federal Employers' Liability Act.  (*Id.* at 7.)  Franklin also cites *Elliot v. Jones*, Case No. 4:06CV89-MP/AK, 2009 U.S. Dist. LEXIS 91125 (N.D. Fla. Sept. 1, 2009), a report and recommendation from a magistrate judge in the Northern District of Florida that the plaintiff's complaint alleging deliberate indifference under the Eighth Amendment pursuant to 42 U.S.C. § 1983 should be dismissed.  (*Id.*)

## ANALYSIS

Federal courts are courts of limited jurisdiction.  This Court has the authority to consider and decide civil cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And it has the authority to consider and decide civil cases between citizens of different states if the amount in controversy is greater than $75,000.  28 U.S.C. § 1332.  The former is called "federal question" jurisdiction and the latter "diversity jurisdiction."  "The party invoking federal jurisdiction bears the burden of establishing that it exists."  *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).  Thus, the Court may only exercise jurisdiction over this case if Franklin plausibly alleges a claim arising under federal law, or a state law claim for more than $75,000 against defendants from states different from her own.  Because Franklin has done neither, her complaint must be dismissed for lack of subject-matter jurisdiction.

With respect to federal question jurisdiction, Franklin cites to federal law, including cases under the Federal Employers' Liability Act and 42 U.S.C. § 1983, but none of the federal law she invokes is applicable to the facts she alleges.  The Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., applies only to railroad companies.  *See Lynch v. Ne. Reg'l Commuter R.R. Corp*, 700 F.3d 906, 911 (7th Cir. 2012.)  Franklin's complaint has nothing to do with trains.  And Section 1983 generally applies only to violations of federal law by state and local officials.  *See Bradley v. Village of University Park*, 929 F.3d 875, 880 (7th Cir. 2019).  Walmart is a private corporation, not a state actor, and Franklin has not plausibly alleged it could be liable for any civil rights violations under Section 1983.

Franklin may have claims against Walmart for negligence and breach of contract, and potentially for negligence against one or more Walmart employees.  Both these are state law claims that must generally be brought in state court.  The Court might exercise its diversity jurisdiction over those claims, but only if Franklin is a citizen of a different state than each of the defendants and the amount in controversy exceeds $75,000.  Franklin does not assert her own citizenship or

allege the citizenship of Walmart or any of its unnamed employees. She also makes no request for relief and mentions damages of only $2,774, plus potentially the cost of having the vehicle towed. This is far below the $75,000 amount-in-controversy requirement and therefore insufficient to establish diversity jurisdiction.

Because Franklin is representing herself, the Court will give her an opportunity to amend her complaint to correct these defects. However, the Court cautions Franklin that federal court is likely not the appropriate venue to resolve her dispute. She may be better served by filing a complaint in Milwaukee County Circuit Court, which is not limited by this Court's jurisdictional constraints and may provide a more appropriate forum for resolution of her claims. If Franklin does choose to file an amended complaint in this Court, she must do so by **July 29, 2024**. Her amended complaint must contain allegations sufficient to establish the Court's federal question or diversity jurisdiction. Any amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Franklin's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Franklin's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Franklin wishes to proceed with this lawsuit, she must file an amended complaint. An amended complaint must be filed with the Court on or before **July 29, 2024**. If the Court does not receive Franklin's amended complaint by that date, the case will be dismissed for her failure to prosecute pursuant to Civil L.R. 41(c) and for lack of subject-matter jurisdiction.

Dated at Milwaukee, Wisconsin on June 27, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge